IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OHIO EASTERN DIVISION

Bernard J Bucheit

5308 Franklin Blvd.

Cleveland, Ohio 44102

Plaintiff

Vs

Overseas Private Insurance Corporation

1100 New York Ave, N W

Washington, D. C, 20527-0001

CIVIL ACTION

1:08CV2373

JUDGE POLSTER

JUDGE

MAG. JUDGE BAUGHMAN

COMPLAINT

Failure of fiduciary duty and

Unjust enrichment

**Bernard J Bucheit acting pro se, brings this matter before this court to seek justice in asking for the return of his family business (company shares) in Gaza and lost value of– herein states:**

In early 1994 Bucheit International was in the process of setting up a precast concrete manufacturing plant in Israel. Bucheit International was a family owned construction company that had been doing business in the middle east since 1975.

Bucheit contacted the U S Department of Commerce as to opening a business in Israel and obstacles to overcome. Shortly after that inquiry, Bucheit was contacted by a Clinton/Gore funded group (Builders for Peace) who were founded to encourage American companies to invest in Gaza and the West Bank following the signing of the Oslo Peace Accord. The group told Bucheit of the agreement between the USA and the Palestine Liberation Organization (PLO) and the Palestine Authority (PA) to encourage investment in Gaza and the West Bank.

The agreement between the USA and the PLO provided American investors political risk insurance and debt and equity investment written by the Overseas Private Insurance Corporation (OPIC) which is a development institution and an agency of the USA.

The Bucheit's agreed to become a member of the group and invest in Gaza under the plan outlined by them. The first step was to establish Bucheit International Ltd. a British company with all stock owned by the Bucheit children (Kurt, Leisel,Erich), and Bernard Bucheit as president of the company. The next step was to register BIL in Gaza under the Gaza investment law which required BIL to have two local residents as directors.

After the legal procedures were completed OPIC wrote a $3.3 M political risk insurance policy to cover BIL's investment in Gaza.

Following the first year of operations , BIL, encouraged by sales, approached OPIC to avail themselves of the financing available to expand the operation. OPIC issued a $2M Commitment to BIL. In late December of 1995 BIL closed on a $1.1M loan with OPIC. The terms of the loan required the following conditions:

1- A debenture filed in the courts of Gaza covering all of BIL's assets there

2- Stockholders (Kurt, Leisel, and Erich Bucheit) turn over their shares to OPIC to hold under a charge over shares agreement until the loan was repaid.

3- A first lien on a Washington D C office building owned by the Bucheit Childrens Trust.

The loan was funded in Washington D C on Dec. 21,1995 and the net proceeds were wire transfered to the BIL bank in Gaza.

The Bucheit's traveled to Gaza in January 1996 and went to their bank to confirm the funds wired from Washington were received. The bank manager told the Bucheits that

he was holding them under directions from the local directors and would not honor checks drafted by the Bucheits or furnish bank statements as the bank had been doing for the previous year.

The Bucheits were threatened that evening in Gaza and fled in the middle of the night and returned to the US. Upon their arrival the Bucheits advised OPIC of what had transpired and filed a notice of claim for expropriation of funds under the OPIC insurance policy. Three months went by and OPIC advised BIL that their claim had no merit and it was a dispute between directors.

The business in Gaza continued operating and the owners of the plant were completely out of the picture so they filed a claim for total expropriation on their insurance policy with OPIC. This claim was also denied as not meeting the requirements of the insurance contract.

The plant continued working without the share holders input and after a year when the first payment on the OPIC was due and not made. OPIC notified BIL that the loan. was in default. BIL instructed OPIC to take action against their debenture to make the payment due, but OPIC refused and demanded the Bucheits pay off the loan. BIL offered the plant for sale and 2 bidders responded with offer in the $1.7 M range. BIL signed a letter of intent with one of the bidders from Turkey and when they went to inspect the working plant in Gaza to see it in operation they were informed that there was a debenture on file and they could not export the plant.

Under heavy pressure from OPIC to pay off the loan, the Bucheit Childrens Trust sold it's real estate in Washington on 12/21/99 wired $1,477,395 to OPIC as first lien holder. OPIC notified BIL of the payment and advised BIL that their loan balance of $1,054.167 principal and $255,178 interest "were paid in full". The remainder of the wired funds ($168,050) were to be applied to yet unknown costs and that an "accounting would be supplied in the near future".

BIL was engaged in the process of pursuing an arbitration on the insurance claim and OPIC broke off communication with BIL direct. The result was that the debenture was not released, the collateral was not returned and the accounting of the proceeds never given to BIl.

In September of 2007, Bernard Bucheit filed a request for documents from OPIC under the Freedom of Information Act. OPIC responded that they had no records responsive to his request. Bucheit appealed and OPIC responded that they searched 10 boxes of records compiled in response to several previous FOIA requests and subpoenas and their search uncovered no records responsive to the request. OPIC finally did respond on June 22,2007 that the original stock certificates were subponead by the District Court and they delivered them in June of 2000 and Bucheit would have to get them from the US attorney in Cleveland .

Bernard Bucheit 's attorney (Roger Synenberg) contacted the US attorney, Mathew Kall,to ask him to search for and return the stock certificates to him.

Mathew Kall telephoned Synenberg on Sept. 26,08 and said no certificates were found and rarely had they asked for "original" documents.

Enough is enough !!p

## ACTION

Bernard Bucheit herewith asks the court to:

1- Order OPIC to immediately return the share certificates held as collateral on the BIL loan agreement that states in Art.3.2 OPIC was to redeliver to the chargers all share certificates held by the lender after repayment of the loan.

2- Dismiss the debenture on file in the Gaza court and notify the Palestinian Authority (who is signed on the agreement with the USA) that their loan was repaid and the shares have been returned to Bucheit.

3- OPIC's keeping of the shares by chance, mistake, or anothers misfortune and the shares received as collateral rightly should have been delivered or belonged to another,the rightful owner should be reimbursed for his loss. The proper value can be determined by a respected third party.

In simplistic terms, the defendant should put the plaintiff back into the position he would have otherwise been in if the collateral was returned after repayment of the loan.

For the record: Once the lien is filed you have lost your equity/value in the asset.

Respectfully submitted

*Bernard J Bucheit*

Bernard J Bucheit

5308 Franklin Blvd.

Cleveland, Ohio 44102

Tel. 330-261-5885

I, Bernard J Bucheit, acting pro se in this matter, certify that on October    ,2008.I mailed a copy of this complaint to the defendant in this matter.

Bernard J Bucheit

5308 Franklin Blvd.

Cleveland, Ohio 44102

330-261-5885

Defendant

Overseas Private Development Corporation

1100 New York Ave. NW

Washington, D C 20527-0001