**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BERNARD J. BUCHEIT,** ) | Case No.  1:08 CV 2373 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **OVERSEAS PRIVATE INVESTMENT** ) | |
| **CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

This case is before the Court on Federal Defendant's Motion to Dismiss (**ECF No. 7**). Defendant Overseas Private Investment Corporation ("OPIC" or "the Federal Defendant") asks the Court to dismiss the case for for insufficient service of process under Fed. R. Civ. P. 12(b)(4) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  For the following reasons, the Motion is **GRANTED**.

**I.**

OPIC is an agency of the federal government that promotes economic development in new and emerging markets and helps U.S. businesses invest in those markets.  The agency accomplishes its goal by providing political risk insurance against the risks of political violence and expropriation to United States companies investing in emerging markets, and by providing financing to those companies through direct loans and loan guarantees.

The complaint alleges that, in 1994, Bucheit International Limited ("BIL"), a British company whose stock was owned by Bucheit and his children, set up a precast concrete manufacturing plant in Gaza. Following a successful first year of operation, BIL approached OPIC (which was already providing political risk insurance to BIL covering the Gaza plant) seeking financing to expand its operation. In late December 1995, OPIC loaned $1,100,000 to BIL. The loan required (1) BIL to file, in Gaza, a debenture covering its assets in the plant; (2) BIL stockholders to turn their shares over to OPIC until the loan was repaid; (3) the creation of a first lien, presumably in OPIC's name, on real estate in Washington owned by the Bucheit Childrens Trust; and (3) the Bucheits' personal guarantees. Net proceeds of the loan were wire-transferred from Washington, D.C., to the Cairo Amman Bank (BIL's Bank) in Gaza. The following month, when Bucheit went to the Bank to confirm that the funds had been transferred, he was informed that the Bank was holding the funds under directions from the local directors and would not honor checks drafted by the Bucheits or furnish bank statements to them as was the Bank's previous custom. Bucheit informed OPIC of the situation upon his return to the United States, and filed insurance claims for expropriation of funds under the OPIC policy, which claims were denied. One year later, when the first payment on the loan was due and not paid, OPIC notified BIL that the loan was in default. BIL instructed OPIC to take action against the debenture and foreclose on the Gaza assets. OPIC refused and demanded that BIL pay off the loan. Eventually, the Bucheit Childrens Trust sold the Washington, D.C. real estate and wired more than enough money to OPIC to pay off the loan with interest. OPIC responded that the loan was paid in full, that it would apply the remainder to yet unknown costs, and that an accounting would be facilitated in the near future. According to Bucheit, such accounting was

never performed.  After BIL filed another expropriation claim with OPIC, the situation rapidly deteriorated.  BIL demanded that OPIC return the debenture and the stock certificates, an arbitration was held to no apparent avail, Bucheit filed civil lawsuits against various entities and was a defendant in a criminal case –  all arising from the loan, the loss of the Gaza plant, and Bucheit's efforts to obtain recompense.[1]

In September 2007, Bucheit filed a request for documents from OPIC under the Freedom of Information Act ("FOIA").  OPIC responded, among other things, that the BIL stock certificates had been subpoenaed and turned over to the U.S. Attorney in Cleveland in 2000 in connection with the criminal case.  In response to Bucheit's request that the U.S. Attorney's office return the original stock certificates, the office said that no certificates were found and that the office rarely asked for "original" documents in any event.

On October 7, 2008, based on these allegations, Bucheit, representing himself, filed this case against OPIC alleging claims for "Failure of fiduciary duty and Unjust enrichment," and seeking return of the stock certificates (or reimbursement for their loss) and dismissal of the debenture on file in Gaza.  *ECF Nos. 1, 5*.

On November 26, 2008, Bucheit filed a "Motion for Default/Summary Judgment" which stated, in pertinent part:

> Plaintiff filed the complaint (1:08CV2372) with this court on Oct. 7, 2008 and forwarded a copy via U S Mail to OPIC's office (legal dept.) 1100 New York Ave. N.W., Washington D C 20527 0001 on that same day.

*ECF No. 3*, at 2.  Because OPIC had "ignored" the complaint, Bucheit requested summary

---

[1]*See Bucheit, et al. v. Cairo Amman Bank*, Case Nos. 4:98 CV 1249 and 4:98 CV 2400; *Bucheit, et al. v. The Palestine Liberation Organization*, Case Nos. 03-5264, 03-5293 (D.C. Cir. 2003); *U.S. A. v. Bucheit*, No. 1:02 CR 4 (N.D. Ohio).

judgment. *Id.* On December 5, 2008, the Court denied the motion in a marginal entry that directed Bucheit to properly serve the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. *ECF No. 4*.

In apparent response, Bucheit filed, on December 10, 2008, an amended complaint which alleges the same claims against OPIC. *ECF No. 5*. The docket reflects that Bucheit filed a praecipe for service of an original summons on OPIC with the Clerk of Court on December 18, 2009, and that the Clerk issued the summons that same day. *See ECF No. 6* and *non-document entry of December 18, 2009*.

Two months later, on February 19, 2009, OPIC filed the pending Motion to Dismiss, arguing that the case should be dismissed under Rule 12(b)(4) for insufficient service of process, and under Rule 12(b)(1) for lack of subject matter jurisdiction. *ECF No. 7.*

On March 23, 2009, Bucheit filed another Motion for Default Judgment stating, in pertinent part:

> On 12/5/08 this court denied Bernard Bucheit's motion for summary judgment citing Rule 4 of the Federal Rules of Civil Procedure.
>
> Bucheit consequently filed an amended complaint and summons. This amended complaint was sent to OPIC by the clerk certified mail, return receipt requested, to the court. The clerk mailed the complaint and summons to the Overseas Private Investment Corp. on 12/18/08.
>
> As of now, OPIC has ignored the complaint as it has all other correspondence.

*ECF No. 8*, at 3. On March 24, 2009, OPIC filed an opposition to the Motion for Default Judgment, noting that it had improperly filed its Motion to Dismiss electronically, having failed to note that Bucheit was not registered for electronic filing. *ECF No. 9*. OPIC apologized for the oversight and stated that it was manually serving Bucheit with the opposition brief and the

Motion to Dismiss. *Id*. Based on OPIC's assertions, the Court denied the second Motion for Default Judgment noting that OPIC had filed a Motion to Dismiss on February 19, 2009. *ECF No. 10*. Bucheit filed a response to the Motion to Dismiss on April 13, *ECF No. 11*, and OPIC filed a reply on April 21, 2009, *ECF No. 12*.

In consideration of OPIC's Motion to Dismiss, Bucheit's opposition, OPIC's reply and the entire record, the Court concludes that dismissal under Rule 12(b)(4) is appropriate. The Court also concludes that, even if Bucheit had properly served the complaint, it would dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

## II.

### A.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . ..

Id. Rule 4(i)(2) sets forth the procedure for serving agencies or corporation of the United States:

> To serve a United States agency or corporation . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency [or] corporation, . . ..

Id. Rule 4(i)(1) provides that, to serve the United States, a party must deliver a copy of the summons and complaint "to the United States attorney for the district where the action is brought" and to send a copy "by registered or certified mail to the Attorney General of the United States at Washington, D.C." These statutes taken together show that, in order to properly serve an agency or corporation of the United States, a plaintiff must deliver a copy of the

-5-

summons and complaint to the U.S. Attorney in the district where the action is brought, and send a copy of the summons and complaint, by registered or certified mail, to the Attorney General of the United States in Washington, D.C. and to the agency or corporation.

OPIC argues that, here, the 120-day limit for perfecting service of the amended complaint expired on April 9, 2009 and there is nothing in the record to indicate that Bucheit perfected service on the Attorney General of the United States or the United States Attorney for the Northern District of Ohio – as required under Rule 4(i). Thus, the case should be dismissed under Rule 4(m) for failure to perfect service.

> Bucheit counters:
>
> Under all the documents prepared by OPIC and signed by the Bucheits it is very clear and specific that all notice and demands should be sent to OPIC at 1100 New York Ave NW in Washington DC (see 16 and 16.i.3). The very same document (17.1 and 17.2) covering laws and jurisdiction and states "proceedings must be brought in Federal Court.
>
> The plaintiff sent the first complaint to OPIC in Washington and later amended it because plaintiff had named the defendant Overseas Private Insurance Corp instead of the correct name, Overseas Private Investment Corp..
> That amended complaint and summons was sent to OPIC by the Clerk by registered mail per Rule 4(i)(1).
>
> Plaintiff further states that OPIC, "The Corporation", was established by Congress under The Foreign Assistance Act of 1961.
> Under this very same act, in section 29 page 142 4 (d), it states that the Corporation is authorized to adopt and use a corporate seal and TO SUE and BE SUED in its corporate name. (As an aside, there are probably many cases litigated with OPIC as the plaintiff and defendant over the years)

*ECF No. 11* at 3.

Based on this record, the Court finds that Bucheit has failed to properly serve OPIC under Rule 4(i) by failing to serve a copy of the summons and complaint upon the Attorney General of the United States or the United States Attorney's Office. The record shows that, on

-6-

December 5, 2008, the Court directed Bucheit to properly serve the defendant as prescribed by Rule 4.  Although it appears that Bucheit served OPIC, there is no evidence that Bucheit served either the Attorney General of the United States or the United States Attorney for the Northern District of Ohio.  This fact is corroborated by his opposition brief.  Even after reviewing the Motion to Dismiss, which pointed out that Bucheit failed to serve the Attorney General or the U.S. Attorney as he is required to do under Rule 4(i), Bucheit argued only that he properly served OPIC and that was all the service necessary because (1) his contract with OPIC allegedly permitted him to sue OPIC in federal court and (2) The Foreign Assistance Act authorizes OPIC to sue or be sued in its corporate name.  This argument lacks merit.  BIL's contract with OPIC is not a part of the record and, even if it was part of the record and it permitted BIL to sue OPIC in federal court, such does not obviate the due process requirement that he simultaneously serve a copy of the summons and complaint on the U.S. Attorney General or the U.S. Attorney.  Furthermore, while The Foreign Assistance Act, 22 U.S.C. § 2199, authorizes OPIC to sue and be sued in its corporate name, the statute does not obviate the requirement that he properly serve a copy of the summons and complaint on the U.S. Attorney General or the U.S. Attorney.  Because Bucheit has failed to properly serve the Attorney General or the United States Attorney, the Court concludes that it must dismiss the complaint under Rule 12(b)(4) for insufficient service.

Normally, a dismissal under Rule 4(m) is one without prejudice.  However, where, as here, Bucheit failed to properly serve the defendant under Rule 4 after the Court directed him to do so, Bucheit insists that he need only serve OPIC after OPIC has pointed out that he failed to serve the Attorney General or the U.S. Attorney under the Rule 4(i), and Bucheit has not sought

an extension of time to properly serve the Attorney General and the U.S. Attorney, the Court dismisses the complaint with prejudice for insufficient service.

**B.**

Even if Bucheit had properly served the complaint under Rule 4(i), it would dismiss the complaint in any event under Rule 12(b)(1) for lack of subject matter jurisdiction. OPIC argues that the Court lacks subject matter jurisdiction over the complaint because Bucheit has failed to exhaust his administrative remedies and because individual agencies of the United States may not be sued in their own names in tort actions. *ECF No. 7-2*, at 3-4. Bucheit responds, in pertinent part:

> Plaintiff further states that OPIC, "The Corporation", was established by Congress under The Foreign Assistance Act of 1961.
> Under this very same act, in section 29 page 142 4(d), it states that the Corporation is authorized to adopt and use a corporate seal and TO SUE and BE SUED in its corporate name. (As an aside, there are probably many cases litigated with OPIC as the plaintiff and defendant over the years)
>
> Subject matter jurisdiction by this court:
> As stated in the previous paragraph it is obvious that the Federal Court has jurisdiction in this matter. Aside from the name correction, all aspects of the original complaint remain including the charge OPIC violated its fiduciary duty by not returning plaintiffs property as required under the agreement between the parties.

*ECF No. 11* at 3. In reply, OPIC notes, in addition to its previous arguments, that any tort claim for return of property, even if properly pleaded, would be time barred under 29 U.S.C. § 2401 (two years to present claim); reissuance of the stock certificates in Bucheit's own corporation is not within the power of OPIC; this Court does not have jurisdiction to dismiss a debenture held in a foreign country; and, under 28 U.S.C. § 1346(a)(2), exclusive jurisdiction for contract claims against the United States in an amount over $10,000 rests solely only in the U.S. Court of

Claims. *See ECF No. 12* at 3-4 (citations to cases omitted). The Court agrees with the Federal Defendant.

The United States enjoys sovereign immunity against suit unless it has expressly consented to waive that immunity. *Rector v. U.S.*, 243 Fed. Appx. 976, at *3 (6th Cir. 2007). Under the Federal Torts Claim Act ("FTCA"), a private plaintiff may bring certain tort claims against the United States. *Id.* (citing 28 U.S.C. § 2674). Among other things, the plaintiff must first exhaust any administrative remedies before bringing a lawsuit. *Id.* (citing 28 U.S.C. §§ 2675(a), 2680). Additionally, the plaintiff must file an administrative claim with the agency within two years after the claim accrues. *Hogan v. U.S.*, 42 Fed. Appx. 717, at *5 (6th Cir. 2002) (citing 28 U.S.C. § 4201(b)).

The Court lacks jurisdiction over Bucheit's tort claims. Although Bucheit alleges that he filed several insurance claims and that he requested return of the collateral, he fails to allege that he filed a proper administrative claim with any federal agency. Additionally, the record shows that he repaid the OPIC loan on December 21, 1999, *see, e.g., ECF No. 1* at 3, and that he requested return of the collateral numerous times thereafter. On this record, the time for filing an administrative claim has long expired. Thus, even if Bucheit had properly served OPIC, the Court would dismiss the claims for lack of subject matter jurisdiction.

To the extent Bucheit is alleging a contract claim, the Court also lacks jurisdiction because the claim must be brought in the U.S. Court of Claims. 28 U.S.C. § 1346(a)(2).

**III.**

Basedon the foregoing, the Federal Defendant's Motion to Dismiss (ECF No. 7) is **GRANTED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　*/s/Dan Aaron Polster     April 27, 2009*
　　　　　　　　　　　　　　　　　　　　　　**Dan Aaron Polster**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**